Filed 1/12/22  P. v. Brady CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091203 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE019146) |
| v. | |
| RONALD LEE BRADY, | |
| Defendant and Appellant. | |

Defendant Ronald Lee Brady appeals from his convictions related to driving under the influence of alcohol and drugs.  He contends the trial court abused its discretion by directing the jury to continue deliberating after it had declared itself to be deadlocked without first asking the jury whether it was reasonably probable it could reach a verdict. He also claims error in the court's imposition of fines and fees without conducting a hearing on his ability to pay, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

1

Finding no error, we affirm, with directions to correct the abstract of judgment.

## FACTS AND PROCEEDINGS

The underlying facts are not relevant to the issues on appeal. It suffices to say that on July 27, 2017, at approximately 12:30 a.m., defendant was involved in a single-car crash. A blood sample over an hour after the crash determined that his blood-alcohol content was 0.25 percent, and his blood contained both cocaine and a cocaine metabolite. A criminalist testified that defendant's blood-alcohol content was between 0.27 and 0.28 percent at the time of driving, and he would have been too impaired to drive. Another criminalist testified that cocaine--especially when combined with alcohol--could impair a person's ability to drive a motor vehicle.

A jury found defendant guilty of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count one), driving while having a blood-alcohol content of 0.08 percent or higher (*id.*, § 23152, subd. (b); count two) with the special allegation that his blood-alcohol content was 0.15 percent or more (*id.*, § 23578), and driving under the combined influence of alcohol and drugs (*id.*, § 23152, subd. (g); count three). Defendant admitted that he had been previously convicted of one prior felony driving under the influence. On December 18, 2019, he was sentenced to the upper term of three years in state prison.

Defendant filed a timely notice of appeal on December 19, 2019. After numerous extensions of time for briefing, all but two of them obtained by counsel for defendant, the case was fully briefed in September 2021 and assigned to this panel on October 29, 2021.

## DISCUSSION

### I

### *Jury Deliberations*

Defendant first contends the trial court abused its discretion when, after the jury declared a deadlock, the court failed to ask the jury whether it was reasonably probable that it could reach a verdict before instructing it to continue deliberations.

A. *Procedural Background*

The jury began deliberating at 2:07 p.m. on November 14, 2019, and requested a read-back of testimony at 3:20 p.m. Counsel were notified, and the read-back occurred between 3:58 p.m. and 4:25 p.m. The jury then retired without further deliberations. It resumed deliberating at 9:00 a.m. the next morning, and at 9:27 a.m. it sent the court a note declaring that it had reached an impasse.

The trial court directed counsel to return to the courtroom and it "discussed with the attorneys [its] plan to, in short firecracker [the jury]." The court noted that both attorneys had a copy of the instruction it planned to give to the jury, and neither attorney accepted the court's invitation to comment. Soon after 11:00 a.m., and without asking any questions of the jurors, the court instructed the jury as follows: "Sometimes jurors that have difficulty reaching a verdict are able to resume deliberations and successfully reach a verdict on one or more counts. [¶] Please consider the following suggestions: [¶] Do not hesitate to re-examine your own views. Fair and effective jury deliberations require a frank and forthright exchange of views. [¶] Each of you must decide the case for yourself and form your individual opinion after you have fully and completely considered all of the evidence with your fellow jurors. [¶] It is your duty to -- as jurors to deliberate with the goal of reaching a verdict if you can do so without surrendering your individual judgment. [¶] Do not change your position just because it differs from that of other jurors or just because you or others want to reach a verdict. [¶] Both the People and the defendant are entitled to the individual judgment of each juror. [¶] It is up to you to decide how to conduct your deliberations. You may want to consider new approaches in order to get a fresh perspective. [¶] For example, you may wish to consider having different jurors lead the discussion for a period of time, or you may wish to experiment with reverse role playing by having those on one side of the issue present and argue the other side's position and vice-versa. [¶] This might enable you to better understand the other's position. [¶] By suggesting you should consider changes in your

3

methods of deliberations, I want to stress I am not dictating or instructing you as to how to conduct your deliberations.  [¶]  You may find it productive to do whatever is necessary to insure [*sic*] each juror has a full and fair opportunity to express his or her views and consider and understand the views of other jurors.  [¶]  I also suggest you re-read CALCRIM instructions 200 and 3550.  These instructions pertain to your duties as jurors and make recommendations as to how you should deliberate.  [¶]  Let me know whether I can do anything to help you further such as give you different -- additional instructions or clarify instructions I may have already given you.  [¶]  With that, please continue with your deliberations at this time.  [¶]  If you wish to communicate with me further, please do so in writing."

Before resuming deliberations, the jury requested a reread of testimony, which concluded at 4:15 p.m.  It retired for the evening without having reached a verdict.  On November 18, the jury deliberated for less than 10 minutes before reaching a verdict.

B.  *Analysis*

Defendant bases his contention entirely on the argument that a trial court necessarily abuses its discretion by directing the jury to continue deliberating without asking the members of the jury whether it is reasonably likely that it could reach a verdict with further deliberations.  As we will explain that argument is incorrect.[1]

"[Penal Code] [s]ection 1140 allows a trial court to discharge a jury and declare a mistrial if the court determines that the proper period of time for deliberation has expired and 'there is no reasonable probability' that the jurors can agree on a verdict.  The decision whether to declare a hung jury or to order further deliberations rests in the trial

---

[1] The Attorney General contends that defendant forfeited his claim by failing to object to the trial court's instruction.  We agree with defendant that his argument on appeal represents a pure question of law, which is reviewable for the first time on appeal. (*People v. Yeoman* (2003) 31 Cal.4th 93, 118 [court may consider a claim raising a pure question of law on undisputed facts].)

court's sound discretion.  [Citations.]  'Although the court must take care to exercise its power without coercing the jury into abdicating its independent judgment in favor of considerations of compromise and expediency [citation], the court may direct further deliberations upon its reasonable conclusion that such direction would be perceived " 'as a means of enabling the jurors to enhance their understanding of the case rather than as mere pressure to reach a verdict on the basis of matters already discussed and considered.' " ' " (*People v. Debose* (2014) 59 Cal.4th 177, 209.)

When a jury has reported an impasse, the court "should ask the jury if it has specific concerns which, if resolved, might assist the jury in reaching a verdict."  (Cal Rules of Court, rule 2.1036(a).)  The court may also ask the foreperson how many ballots have been taken and the numerical division of those ballots, but not which side has the greater number of votes.  (*People v. Proctor* (1992) 4 Cal.4th 499, 538-539.)  However, in determining whether there is a reasonable probability that the jury could agree on a verdict with additional deliberation, the court is not *required* to ask the jurors whether there is such a reasonable probability before giving them additional instructions. (*People v. Moore* (2002) 96 Cal.App.4th 1105, 1121.)  In *Moore*, the court observed:  "In this case, and presumably because of the relatively brief duration of deliberations conducted by the jurors before they announced they could not reach a verdict on count one, the trial court concluded further deliberations might be beneficial without questioning the jury regarding the impasse.  The fact the jury was able to reach a verdict relatively quickly after being further instructed reflects the court properly exercised its discretion."  (*Id.* at p. 1122.)  Thus, the court's decision to not question the jury before issuing a further instruction was not necessarily an abuse of discretion.

Additionally, the trial court did not abuse its discretion when it impliedly concluded that it was reasonably probable the jury could reach a verdict.  As in *Moore*, the jury had only deliberated for a short time before declaring an impasse.  The jury deliberated from 2:07 p.m. to 3:20 p.m. on November 14, at which time it requested a

5

read-back of testimony, and it retired for the evening following the read-back. The jury declared an impasse after deliberating for less than 30 minutes the following morning. Not only had the jury only deliberated for a short period of time before declaring an impasse, but the jury's request for read-back of testimony provided the trial court with some information about the nature of the difficulties facing the jury. Given that the witnesses and arguments were presented in less than two days, the brief period of deliberation, and the jury's request for read-back, it was not an abuse of discretion for the court to conclude that it was reasonably probable the jury could reach a verdict after further deliberations. Finally, nothing in the court's instruction to the jury could be construed as an attempt to pressure the jury to reach a verdict, nor does defendant raise any such argument. (See *People v. Proctor*, *supra*, 4 Cal.4th at p. 539.)

Following the court's instruction, the jury requested another read-back of testimony and then retired for the evening. The following morning, it deliberated for less than 10 minutes before reaching a verdict. The fact that the jury returned a verdict very quickly after the court's instruction further supports the conclusion that the court did not abuse its discretion. (*People v. Moore*, *supra*, 96 Cal.App.4th at pp. 1121-1122.)

To support his argument, defendant relies on multiple cases in which the trial court questioned each member of the jury as to the likelihood that it could reach a verdict with continued deliberations. He also relies heavily on *People v. Medina* (1980) 107 Cal.App.3d 364, in which the jury had declared an impasse and requested "further instructions." (*Id.* at p. 369.) In *Medina*, two jurors told the court that a verdict could be reached with further deliberations, but the court declared a mistrial. (*Ibid.*) The appellate court concluded that the trial court had abused its discretion in declaring a mistrial because it failed to determine what the jurors wanted or to identify the further instructions they felt would be helpful in their deliberations. (*Id.* at p. 370.) Accordingly, the trial court had acted "without full knowledge of all the material facts," and it could not properly conclude that the jury was unable to reach verdicts. (*Ibid.*)

6

The cases defendant relies upon are distinguishable. While in many cases a trial court is well within its discretion to question the jury about the likelihood that it will reach a verdict with continued deliberations, the law indicating as much does not also stand for the proposition that such an inquiry is necessarily required for the court to reach a reasonable conclusion as to whether further instruction is appropriate. Additionally, unlike *People v. Medina*, *supra*, 107 Cal.App.3d 364, here the trial court did not declare a mistrial despite the jury's specific request for further instructions. The trial court did not abuse its discretion, and we reject defendant's argument to the contrary.

## II

### *Defendant's Ability to Pay*

At sentencing, defense counsel requested that the court impose minimum fines and fees. The court then imposed a $300 restitution fine (Pen. Code, § 1202.4), a $120 court operations assessment fee (*id.*, § 1465.8), and a suspended $300 parole revocation fine (*id.*, § 1202.45). The court waived the criminal conviction fee. (Gov. Code, § 70373.) Defense counsel did not object to the imposition of the fines and fees or request an ability-to-pay hearing.

Defendant now contends that the trial court's imposition of these fines and fees without holding an ability-to-pay hearing violated his due process and equal protection rights, and his rights against excessive fines under the United States and California constitutions. He adds a claim of ineffective assistance of counsel for his attorney's failure to object to the fines' and fees' imposition. The Attorney General responds that defendant's claim regarding the restitution fine does not implicate due process, but rather should be evaluated under the excessive fines clause and fails under that clause. In the alternative, the Attorney General argues that even if analyzed under due process principles, the restitution fine was constitutionally imposed, and imposition of the court operations assessment was harmless.

7

A.  *Forfeiture*

In addition to his substantive arguments, the Attorney General maintains defendant's contention is forfeited for failure to raise any due process arguments or express an inability to pay at sentencing.  Defendant responds that his claim is cognizable on appeal because the trial court's error was an error of law, not a discretionary error, and because the errors affect his substantial right of due process.  Defendant also observes that he did object to the fines and fees in the form of a fines correction request submitted to the court by appointed appellate counsel pursuant to Penal Code section 1237.2.  We agree the claim is forfeited.

It is a longstanding and well-recognized rule that a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing.  (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [same].)  This is true regardless of whether a defendant's ability to pay claims are constitutional in nature.  (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [the constitutional nature of the defendant's claim regarding her ability to pay did not justify a deviation from the forfeiture rule].)  Thus, defendant had the burden not only to raise the issue of inability to pay a fine, but also to "present evidence of his . . . inability to pay the amounts." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; accord, Pen. Code, § 1202.4, subd. (d) ["A defendant shall bear the burden of demonstrating his or her inability to pay"].)  Here, defendant was sentenced on December 18, 2019, well after *Dueñas* was filed on January 8, 2019.  (*People v. Dueñas*, *supra*, 30 Cal.App.5th 1157.)  Therefore, his failure to raise *Dueñas* at sentencing forfeited his arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

8

Additionally, appellate counsel's postjudgment letter to the trial court under Penal Code section 1237.2 does not excuse trial counsel's failure to object to the court's imposition of the restitution fines at the sentencing hearing. (See, e.g., *People v. Torres* (2020) 44 Cal.App.5th 1081, 1087, 1088; *People v. Hall* (2019) 39 Cal.App.5th 502, 505.) And because the trial court took no action on the letter, the fact that it was written does not inform any analysis of prejudice from counsel's failure to object.

B. *Ineffective Assistance of Counsel*

Defendant contends that even if his claim is forfeited, trial counsel was ineffective for failing to object. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, at pp. 693-694; *Ledesma*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.) Mere speculation does not meet the Sixth Amendment standard for demonstrating prejudice. (*In re Clark* (1993) 5 Cal.4th 750, 766.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

9

Defendant has failed to demonstrate that there could be no satisfactory explanation for counsel's failure to object. He argues that counsel had no plausible tactical reason for failing to ensure that the court held a legally required hearing and that the prosecution proved defendant's ability to pay. However, defendant is mistaken; he, not the prosecution, had the burden to establish inability to pay the restitution fines. (Pen. Code, § 1202.4, subd. (d); *People v. Castellano*, *supra*, 33 Cal.App.5th at p. 490.)

Additionally, defendant acknowledges that the record is insufficient to determine whether he had the ability to pay the imposed amounts, although he asserts that the record "strongly supports remand for an ability-to-pay hearing." He notes that he is represented by appointed counsel on appeal and was represented by the public defender at trial. However, a defendant may lack the ability to pay the cost of his court-appointed attorney yet still have the means to pay other fines or fees. (*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) The fines and fees imposed here were minimal.

Defendant also cites to the probation report, which indicated that he was unemployed and previously collected supplemental security income benefits, and he observes that he no longer receives disability benefits now that he is incarcerated. However, while he asserts that there was no evidence that he was eligible for or engaged in prison wage labor, we note there was also no evidence to the contrary. The probation report reflected that defendant graduated from high school and earned an associate degree, and had no dependents. Moreover, while the probation report indicated that defendant suffered from substance abuse and was in treatment, that report also stated that defendant has been sober from November 2018 and leads two Alcoholics Anonymous meetings per day.

As this court previously explained: " 'Ability to pay does not necessarily require existing employment or cash on hand.' [Citation.] '[I]n determining whether a defendant has the ability to pay . . . , the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future.' [Citation.] This

10

included the defendant's ability to obtain prison wages and to earn money after his release from custody." (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) Based on the record before us, there is no way of knowing whether counsel may not have viewed an ability-to-pay objection as having any merit given the $420 in fines and fees imposed, defendant's financial resources or assets, or defendant's ability to earn prison wages, receive monetary gifts, or obtain employment once released from prison.

As our Supreme Court previously noted, " '[f]ailure to object rarely constitutes constitutionally ineffective legal representation.' " (*People v. Gray* (2005) 37 Cal.4th 168, 207.) Where, as here, the record sheds no light on why counsel failed to act in the manner challenged and defendant fails to demonstrate there " 'simply could be no satisfactory explanation,' " the claim is more appropriately raised in a petition for writ of habeas corpus. (*Ibid.*)

### III

### *Abstract of Judgment*

Although the parties did not raise this issue, we observe that the abstract of judgment contains errors. The abstract reflects as to each count of conviction that defendant had three prior convictions.[2] However, only one prior conviction was pled and admitted. We shall direct the trial court to correct the abstract to reflect that defendant had only one prior conviction.

---

[2] In alleging the prior conviction, the information incorrectly cited Vehicle Code sections 23546, 23548, and 23550, which each address punishment where the defendant had been convicted of two prior reckless driving offenses.

11

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment and send a certified copy of the new abstract to the relevant authorities and to all counsel.


                                              /s/
                                      Duarte, Acting P. J.


We concur:


_____/s/_____
Mauro, J.


_____/s/_____
Renner, J.